State v. Parks

Defendant was charged in a bill of indictment proper in form with (1) forgery and (2) uttering a forged bank check. When the cases were called for trial, the State took a nol pros with leave as to the forgery count and defendant tendered a plea of guilty to the uttering count. After an examination of defendant and determining that the plea of guilty was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency, the court accepted the plea. Following the hearing of evidence, the court entered judgment sentencing defendant to prison for a period of six months with an order to the Department of Correction that defendant be given treatment for drug addiction.

Defendant appealed.

*Attorney General Robert Morgan by Lester V. Chalmers, Jr., Assistant Attorney General, for the State.*

*Vaiden P. Kendrick, Assistant Public Defender, attorney for defendant appellant.*

STATE OF NORTH CAROLINA v. JOHNNIE LEROY PARKS AND THOMAS CRAVEN WILSON

No. 7326SC418

(Filed 25 July 1973)

APPEAL by defendants from *Grist, Judge,* 27 November 1972 Schedule "C" Criminal Session of MECKLENBURG County Superior Court.

State v. Banks

Each defendant was tried on indictment and convicted of the armed robbery of Herbert J. Sample, owner of a grocery store in Charlotte, North Carolina, which robbery took place on 29 May 1972. Parks was sentenced to imprisonment for 25 to 28 years; Wilson was sentenced to imprisonment for 20 to 30 years.

There were four persons in the grocery who witnessed some or all of the events at the time of the robbery. Two of the witnesses saw clearly defendant Parks and were able to identify him: two others saw clearly defendant Wilson and identified him.

*Attorney General Robert Morgan by Associate Attorney Charles R. Hassell, Jr. for the State.*

*John G. Plumides for defendant appellant Parks.*

*James H. Carson, Jr. for defendant appellant Wilson.*

CAMPBELL, Judge.

This case presents only the record proper for review.

Each defendant was tried on a valid bill of indictment. There is competent evidence both of the commission of the crime and the identity of the defendants as the perpetrators of the crime. The verdict of the jury is proper, and the sentences each are within that allowed by statute.

No error.

Judges BRITT and BALEY concur.